Rev. 12/01/17

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

ROBERT C. HILLIARD
MARY LOU HILLIARD

CHAPTER 13

CASE NO. 1-18-02070

___ ORIGINAL PLAN
_1st_ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
___ Number of Motions to Avoid Liens
_1_ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $ 2,800.00 _____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

1

conduit payments through the Trustee as set forth below. The total base plan is
$ 84,000.00                , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 6/2018 | 5/2023 | 1,400.00 | | 1,400.00 | 84,000.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 84,000.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE:   (   ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ( ✓ ) Debtor is over median income. Debtor calculates that a minimum of $ 0                  must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

   1. The Debtor estimates that the liquidation value of this estate is $ 0               .
   (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines.*

   ✓   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

   ___   Certain assets will be liquidated as follows:

   2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $               from the sale of

2

property known and designated as _____
_____. All sales shall be completed by
_____, 20___. If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: any non-exempt proceeds from action against Bank of America
_____

**2. SECURED CLAIMS.**

A. <u>Pre-Confirmation Distributions.</u> *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.</u> *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Orrstown Bank | 1202 Bent Creek Blvd, Mechanisburg, PA | 0286 |
| Toyota Financial | 2014 Lexus RX 350 | 8679 |
| Ally Bank | 2017 Nissan Altima | 4910 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

___ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

Case 1:18-bk-02070-HWV    Doc 32    Filed 08/01/18    Entered 08/01/18 10:52:46    Desc
Main Document      Page 4 of 17

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

✓ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Bank of America | None | N/A | N/A | 0 | Adversary - if creditor refuses to satisfy mortgage |
| | | | | | |
| | | | | | |

F. **Surrender of Collateral.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

    A. <u>Administrative Claims</u>

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney's fees</u>. Complete only one of the following options:

        a. In addition to the retainer of $ 5,310.00 already paid by the Debtor, the amount of $ 0 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

        ___ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

        ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

___ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

✓ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| IRS | $56,474.46 |
| PA Department of Revenue | $1,871.95 |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ✓ plan confirmation.
   ___ entry of discharge.
   ___ closing of case.

9

## 7. DISCHARGE: (Check one)

(✓) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

See attachment.

Dated: 8/1/18

/s/Deborah A. Hughes
Attorney for Debtor

/s/Robert C. Hilliard
Debtor

/s/Mary Lou Hilliard
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11

9. **OTHER PLAN PROVISIONS:**

   A. <u>Amendments</u>. The Debtor reserves the right to amend the plan to reflect claims as filed and as allowed by the Court.

   B. <u>Binding Arbitration</u>. The Plan filed by the Debtor(s) herein specifically rejects, avoids, cancels, and otherwise releases the Debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s) the duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this Plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor(s) or the Chapter 13 Trustee.

   C. <u>Consumer Claims Not Waived</u>. Confirmation of the Plan shall constitute a finding that the Debtor(s) do not waive, release or discharge but rather retain and reserve to themselves, to the extent they may claim an exemption, or to the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law, including, but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Uniform Commercial Code violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of right or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the local rules of this Court.

   D. <u>Debtor's Standing</u>. Confirmation of this Plan shall vest in the Debtor(s) full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code, including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

   E. <u>Lien Releases</u>. Where Debtor has "crammed down" secured creditor's claim and has paid off the secured portion of the claim in this Plan, the Debtor will receive the title to the property free and clear of the creditor's lien, notwithstanding that the Debtor has not completed the payment of unsecured claims under the Plan. Creditor is to satisfy mortgage within 30 days of confirmation of Plan or attorney for Debtor can submit order to Court on its behalf.

   Upon the satisfaction or other discharge of a security interest in motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within ten (10) days after demand and, in any event, within sixty (60) days, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or title as the department of motor vehicles prescribes, and mail or deliver the certificate or title and release to the Debtor(s) or to the attorney for the

Debtor(s). Confirmation of this Plan shall impose an affirmative and direct duty on each such secured party to comply with this provision and upon failure to so comply such a party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this Plan. Such an enforcement proceeding may be filed by the Debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

F.  **Waiver of Jurisdiction.** Confirmation of this Plan shall constitute a waiver by any party in interest in this case or any one or more of them, including all creditors or other parties listed in Schedules D, E, F, G, and H, or any amendments thereto, of the right to have final orders in non-core matters entered only after de novo review in any proceeding so triable in this case or any case, controversy or proceeding related to this case, and of the right to have the Federal District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal.

G.  **Consent to Jurisdiction.** Confirmation of this Plan shall constitute the express consent by any party in interest in this case, or any one or more of them, including all creditors or other parties listed in Schedules D, E, F, G and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by Section 157(c)(2) of Title 28 of the United States Code.

H.  **Cosigned Obligations.** Confirmation of the Plan shall invoke the protection of 11 U.S.C. Section 1301, whether or not the Debtor provides for interest on payment of cosigned obligations. The proof of claim filed by the creditor, and not objected to by the Debtor, or filed by the Debtor on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor for purposes of determining full payment under the plan.

I.  **Surrender of Property.** Property surrendered under Section 2F shall be surrendered in full satisfaction of creditors' claims.

J.  **Post-Petition Claims.** Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the Debtor, to the detriment of general, unsecured claims.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : IN BANKRUPTCY
ROBERT C. HILLIARD : CHAPTER 13 PROCEEDING
MARY LOU HILLIARD :
    Debtor : BK. NO. 1-18-02070 HWV

## CERTIFICATE OF SERVICE

On this, the 1st day of August, 2018, I, Deborah A. Hughes, Esquire, do hereby certify that a true and correct copy of the foregoing 1st AMENDED CHAPTER 13 PLAN and NOTICE was served by depositing same in first-class U.S. mail, postage prepaid and/or via electronic mail, to the following:

SEE ATTACHED MATRIX

_____
Deborah A. Hughes, Esquire

Label Matrix for local noticing
0314-1
Case 1:18-bk-02070-HWV
Middle District of Pennsylvania
Harrisburg
Wed Aug  1 09:52:43 EDT 2018

Advanced Comm & Tech Group LLC
1202 Bent Creek Blvd.
Mechanicsburg, PA 17050-1823

Ally Bank
serviced by Ally Servicing LLC
PO Box 130424
Roseville, MN 55113-0004

Ally Bank
PO Box 130424
Roseville, MN 55113-0004

Ally Financial
PO Box 380901
Bloomington, MN 55438-0901

Americhoice FCU
20 Sporting Green Drive
Mechanicsburg, PA 17050-2392

BB & T
PO Box 580057
Charlotte, NC 28258-0057

BB&T, Bankruptcy Section
100-50-01-51
P.O. Box 1847
Wilson, NC 27894-1847

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America, N.A.
c/o Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

Barclays Bank Delaware
PO Box 8803
Wilmington, DE 19899-8803

Belco Community Credit Union
PO Box 82
Harrisburg, PA 17108-0082

Regina Cohen
Lavin O'Neil Cedrone & DiSipio
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106-1557

Commonwealth of Pennsylvania
Bureau of Labor and Industry
Office of Unemp Comp Tax Services OUCTS
PO Box 60848
Harrisburg, PA 17106-0848

Cumberland County Tax Claim Bureau
1 Courthouse Square
Carlisle, PA 17013-3339

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625

Deborah A. Hughes, Esquire
2080 Linglestown Road, Suite 201
Harrisburg, PA 17110-9670

Andrew Ryan Garcia
Bank of America
16001 North Dallas Pkwy
Addison, TX 75001-3311

Global Credit Collection Corp.
5440 N. Cumberland Avenue Suite 300
Chicago, IL 60656-1486

Mary Lou Hilliard
1202 Bent Creek Boulevard
Mechanicsburg, PA 17050-1823

Robert C. Hilliard
1202 Bent Creek Boulevard
Mechanicsburg, PA 17050-1823

Deborah A. Hughes
2080 Linglestown Road, Suite 201
Harrisburg, PA 17110-9670

Internal Revenue Service
Insolvency Section - BK notice
PO Box 7346
Philadelphia, PA  19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Matthew D. Urban, Esquire
Weltman, Weinberg & Reis Co, LPA
436 7th Avenue, Suite 2500
Pittsburgh, PA 15219-1842

Members 1st FCU
5000 Louise Drive
Mechanicsburg, PA 17055-4899

Members 1st FCU
PO Box 2109
Mechanicsburg, PA 17055-1719

Michael Morris
256 E. Caracas Avenue
Hershey, PA 17033-1309

New Cumberland FCU
PO Box 658
New Cumberland, PA 17070-0658

ONEMAIN
P.O. BOX 3251
EVANSVILLE, IN 47731-3251

| | | |
|---|---|---|
| One Main<br>PO Box 742536<br>Cincinnati, OH 45274-2536 | Orrstown Bank<br>2695 Philadelphia Ave<br>Chambersburg, PA 17201-7908 | PA Department of Revenue<br>Bankruptcy Section<br>PO Box 280946<br>Harrisburg, PA 17128-0946 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | PSECU<br>1500 Elmerton Avenue<br>Harrisburg, PA 17110-9214 | PSECU<br>PO Box 67013<br>Harrisburg, PA 17106-7013 |
| Patenaude & Felix, APC<br>4545 Murphy Canyon Road, 3rd Floor<br>San Diego, CA 92123-4363 | Pennsylvania Department of Revenue<br>Dept. 280946<br>ATTN: Bankruptcy Division<br>Harrisburg, PA 17128-0946 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Sams Club MC/SYNCB<br>PO Box 960013<br>Orlando, FL 32896-0013 | Brian H Smith<br>JSDC LAW OFFICES<br>P.O. BOX 650<br>HERSHEY, PA 17033-0650 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 |
| Toyota Financial Services<br>Credit Dispute Research Team<br>PO Box 9786<br>Cedar Rapids, IA 52409-0004 | Toyota Motor Credit Corporation<br>dba Lexus Financial Services<br>PO Box 9013<br>Addison, Texas 75001-9013 | United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 |
| Wells Fargo<br>PO Box 77033<br>Minneapolis, MN 55480-7733 | Wells Fargo Bank, N.A.<br>Small Business Lending Division<br>P.O. Box 29482<br>Phoenix, AZ 85038-9482 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank of America<br>PO Box 15025<br>Wilmington, DE 19886 | Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)BANK OF AMERICA, N.A. | (du)Bank Of America, N.A. | (d)Mary Lou Hilliard<br>1202 Bent Creek Boulevard<br>Mechanicsburg, PA 17050-1823 |

(d) Orrstown Bank
2695 Philadelphia Avenue
Chambersburg, PA 17201-7908

(d) PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

(d) Robert C. Hilliard
1202 Bent Creek Boulevard
Mechanicsburg, PA 17050-1823

End of Label Matrix
Mailable recipients   46
Bypassed recipients    6
Total                 52